IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY MCVEY,

      **Plaintiff,**

      v.                                    CASE NO. 22-3040-SAC

ANDREA PURVIS, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. On April 5, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 6) ("MOSC") granting Plaintiff until May 2, 2022, in which to show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC. Plaintiff has failed to respond by the Court's deadline.

The Court found in the MOSC that Plaintiff's claims are based on his state criminal case. The Court found that: any federal claim challenging the validity of a conviction and sentence in a state criminal case must be presented in habeas corpus and is not cognizable in a § 1983 action; before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question, citing *Heck v. Humphrey*, 512 U.S. 477 (1994); it appears that Plaintiff's state criminal case is ongoing and therefore the Court may be prohibited from hearing Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971); to the extent Plaintiff alleges excessive bail in his criminal case, the Court would also be prohibited from

hearing Plaintiff's claim under *Younger*; Plaintiff's claims against the county prosecutor fail on the ground of prosecutorial immunity; and Plaintiff has not shown that his state court defense attorney was acting under color of state law as required under § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318–19, 321–23 (1981) (assigned public defender is ordinarily not considered a state actor because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009); *Dunn v. Harper County*, 520 Fed. Appx. 723, 725-26, 2013 WL 1363797 at *2 (10th Cir. Apr. 5, 2013) ("[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing traditional functions as counsel to a criminal defendant." (citations omitted)).  A criminal defense attorney does not act under color of state even when the representation was inadequate. *Briscoe v. LaHue*, 460 U.S. 325, 330 n.6 (1983).

The MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim."  (Doc. 6, at 9.)  Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why his Complaint should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

Dated May 6, 2022, in Topeka, Kansas.

<u>s/ Sam A. Crow</u>
SAM A. CROW
U. S. Senior District Judge